CITY OF NEW YORK v. UNITED STATES TRUST CO. OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. January 16, 1903.)

1. DECEDENT'S ESTATE—ACTION BY CREDITORS AGAINST LEGATEES—PRIOR DIS-TRIBUTION OF ESTATE—NECESSITY.

Code Civ. Proc. § 1837, provides that an action may be maintained by the creditor of the decedent against the next of kin or legatees to recover from them to the extent of the assets paid or distributed to them. Held, that where, pursuant to an agreement between the executor and the legatees, the amount of the legacies was not paid to the legatees, but was placed in trust to their use for life, a creditor of the testator had no right of action against them under the statute, inasmuch as there had been no distribution.

2. SAME—REMEDY OF CREDITOR.

Code Civ. Proc. § 2719, requires an executor to pay the debts of the de-ceased, including docketed judgments. Held, that where the claim of a judgment creditor against a testator was not paid by the executor, though presented, and the legacies were by agreement between the legatees and executor not paid to the legatees, but were placed in trust for them, the creditor might follow such fund and impress it with the lien of his judg-ment.

Appeal from special term, New York county.

Suit by the city of New York against the United States Trust Com-pany of New York, individually and as trustee, and others. From a judgment (72 N. Y. Supp. 121) in favor of plaintiff, defendant, the United States Trust Company, appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTER-SON, INGRAHAM, and LAUGHLIN, JJ.

George S. Shearer, for appellant.
Theodore Connoly, for respondents.

LAUGHLIN, J. This is a suit in equity to impress a trust fund in the hands of the appellant, being the proceeds of an insurance policy on the life of Louis J. Jordan, which was payable to his estate, with the lien of a judgment recovered by the respondent against said Louis J. Jordan and John Lynch. The judgment was recovered and execution was issued and returned unsatisfied, during the life-time of Jordan. He left a last will and testament, and his wife was sole executrix. The executrix duly published notice for creditors to present claims, but the city's claim was not presented. It seems that the debts, with the exception of this judgment, were paid. The widow and the testator's three surviving children were his sole benefi-ciaries. After the payment of the other debts and the expenses of the administration, there was a balance of $16,954.90, which, pursu-ant to a trust agreement between the widow and the children, was transferred by the executrix to the appellant, in trust, to apply the

income thereof to the use of the two daughters of the testator in equal shares during their lives, and on their death to transfer the entire estate to the testator's son. The executrix never filed an account with the surrogate, and was never discharged as such, but she was released by the beneficiaries. It appears that the executrix knew of the existence of the judgment, and during the lifetime of her husband she paid $250 thereon.

Payment of this judgment could not be enforced against the next of kin or beneficiaries under section 1837 of the Code of Civil Procedure, for the reason that no part of the fund has been "paid or distributed to them." The creditors are entitled to payment of their claim out of the estate of a decedent (Code Civ. Proc. § 2719), and, when his property has been distributed to his widow and next of kin or legatees before the payment of all claims, the creditors have a right of action for the amount thus distributed (Code Civ. Proc. § 1837). This fund has not been paid or distributed, within the meaning of section 1837 of the Code, but it remains intact, and is, in equity, so far as creditors are concerned, still part of the estate of the testator; and it is readily identified, and should be followed and impressed with the lien of the respondents' judgment to the extent necessary to satisfy the same.

It follows that the judgment should be affirmed, with costs. All concur.